[No. 2592. Decided December 11, 1897.]

## S. S. YARWOOD et al., Respondents, v. CYRUS HAPPY, Appellant.

WAREHOUSE RECEIPT — NEGOTIABILITY — RIGHTS OF TRANSFEREE — REPEAL OF STATUTE.

A statute making warehouse receipts negotiable by indorsement cannot be construed as making an indorsement of a warehouse receipt effective otherwise than as a transfer of the interest of the holder in and to the property represented by the receipt.

Gen. Stat., §2408 (Bal. Code, §3599), passed by the legislature in 1886, and providing that "all the title to the freight which the first holder of a bill of lading or warehouse receipt had, when he received it, passes to every subsequent indorsee thereof in good faith, . . . with like effect and in like manner as in the case of a bill of exchange," must be construed as modified or repealed by the enactment in 1891 of section 2407, Gen. Stat. (Bal. Code, §3598), which provides that "all checks or receipts given by any person operating any warehouse . . . for any grain . . . are hereby declared negotiable, and may be transferred by indorsement, . . . and such indorsement shall be deemed a valid transfer of the commodity represented by such receipt."

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Affirmed.

*Cyrus Happy,* for appellant:

In the state of Washington warehouse receipts are nego-
tiable instruments in such degree that the London and San
Francisco Bank acquired title to the same free from the
claims and equities set up by the plaintiffs in this case to
the same, and that the said London and San Francisco Bank
having acquired such title can hold said warehouse receipt
and the grain represented by it, not only to the extent of
the money advanced at the time said receipt was hypothe-
cated with it, but also as to a pre-existing indebtedness,
which it was likewise pledged to secure. *Whitlock v. Hay,*
58 N. Y. 487; *Chicago Dock Co. v. Foster,* 48 Ill. 507;
*Bishop v. Fulkerth,* 68 Cal. 607; *Price v. Wisconsin Ma-
rine Fire Ins. Co.,* 43 Wis. 267; *First National Bank v.
Dean,* 32 N. E. 1108; *Allen v. Maury,* 66 Ala. 11;
*Fourth National Bank v. St. Louis Cotton Compress Co.,*
11 Mo. App. 333; *Central Savings Bank v. Garrison,* 2
Mo. App. 58; *Davenport National Bank v. Homeyer,*
45 Mo. 145 (100 Am. Dec. 363); *Farmers' & Mechanics'
National Bank v. Hazeltine,* 78 N. Y. 107 (34 Am. Rep.
518).

*Mount & Merritt,* for respondents:

A warehouse receipt simply represents the commodity
therein described, and its indorsement has the effect only
of transferring the title to such commodity, and that such
a transfer would stand in exactly the same light as if the
property itself were pledged as the warehouse receipt in this
case is shown to have been pledged, and that there was no
such negotiable character to the instrument as to cut off
defenses of the original holder of such warehouse receipt.
*Shaw v. Railroad Co.,* 101 U. S. 557; *Hale v. Dock Co.,*
29 Wis. 482 (9 Am. Rep. 603); *Solomon v. Bushnell,* 3
Pac. 677 (50 Am. Rep. 475); *Burton v. Curyea,* 40 Ill.

327 (89 Am. Dec. 350); *Insurance Co. v. Kiger*, 103 U.
S. 356; *Second National Bank v. Walbridge*, 19 Ohio St.
419 (2 Am. Rep. 408); *Burton v. Wilkinson*, 18 Vt. 186
(46 Am. Dec. 145); *Luckbarrow v. Mason*, 1 Smith, Lead-
ing Cases, 755; *Dows v. Perrin*, 16 N. Y. 333. A factor
cannot pledge as security for his own debt the goods of his
principal except to the extent of his own interest. *Wright
v. Solomon*, 19 Cal. 72 (79 Am. Dec. 196); *Payne v. Bens-
ley*, 8 Cal. 260 (68 Am. Dec. 318); *First National Bank
v. Boyce*, 39 Am. Rep. 198.

The opinion of the court was delivered by

SCOTT, C. J.—Plaintiffs were the owners of 3,122 sacks
of wheat and stored the same in the warehouse of C. D.
Francis & Co., receiving a warehouse receipt therefor,
and thereafter assigned the same to the Northwestern Mill-
ing & Power Co. as collateral security for the payment of a
note executed by them to said company. Afterwards said
Milling & Power Co., without the knowledge of the plain-
tiffs, assigned said warehouse receipt to the London and San
Francisco Bank of Portland, Oregon, to secure a loan then
obtained and other indebtedness owing by said company to
said bank. By subsequent transfers said warehouse receipt
was assigned to the defendant. The plaintiffs paid their
note given to the Northwestern Milling & Power Co., and
demanded the return of the receipt, and, not obtaining it,
this action was brought to recover the same, or its value.
The plaintiffs were successful, and the defendant has ap-
pealed. The question to be determined is whether the
Northwestern Milling & Power Co. could transfer the re-
ceipt to the bank aforesaid and convey the title to the grain
represented by it, and the decision of this question calls for
a consideration of sections 2407 and 2408, volume 1, of the
Code (Bal. Code, §§ 3598, 3599). The respondents contend

that they cannot both stand and, as the act containing section 2407 was passed after the enactment of section 2408, it had the effect of repealing that section. The appellant first contends that both sections are in force, but further urges that the transfer in question was a valid one, even under section 2407. But it will be observed that section 2408, in addition to providing for a transfer of warehouse receipts by indorsement, declares that it should be with like effect and in like manner as in the case of a bill of exchange, while section 2407 provides that such a receipt shall be negotiable by indorsement, which shall be deemed a valid transfer of the commodity represented by the receipt, but contains no declaration as to the effect of it otherwise. We are of the opinion that section 2407 provided that such a transfer of the receipt should be effective only to pass or transfer the interest of the holder in and to the property represented by the receipt, and that under that section the Northwestern Milling & Power Co. having only a lien thereon could not make a valid transfer of the property to another party, as was attempted. The use of the word "negotiable" in the statute does not necessarily imply or give power to make such a transfer. For a more full discussion thereof and of a similar statute, see *Shaw v. Railroad Co.*, 101 U. S. 557. Evidently, considering the prior law, it was not intended to have that effect, for everything it provided for could be done under such prior law then in force, and, unless it was intended as a limitation of the law as expressed in section 2408 or as a repeal thereof, it had no effect at all, and we fail to see any purpose whatever in passing it. Consequently it must be given the effect intended, and it follows that the judgment should be affirmed.

GORDON, DUNBAR and REAVIS, JJ., concur.